UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

RAYLEY CORPORAN,

                                        Plaintiff,          **AMENDED COMPLAINT**

                 -against-                                      22 Civ. 0502 (ER)

THE CITY OF NEW YORK, LT. VICTOR VELEZ, P.O.          **JURY TRIAL DEMANDED**
ROGER PFEFFER, P.O. ANTHONY STABILE, P.O.
ZACHARY PARKER, P.O. DEREK RIVERA, and P.O.s
JOHN and JANE DOE #1-10, individually and in their
official capacities, (the names John and Jane Doe being
fictitious, as the true names are presently unknown),

                                        Defendants.

----------------------------------------------------------------X

        Plaintiff RAYLEY CORPORAN, by his attorney, ROSE M. WEBER, complaining of the

defendants, respectfully alleges as follows:

## PRELIMINARY STATEMENT

        1.      Plaintiff brings this action for compensatory damages, punitive damages and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights,

as said rights are secured by said statutes and the Constitutions of the State of New York and the

United States.  Plaintiff also asserts supplemental claims pursuant to 2021 N.Y.C. Local Law No.

48, N.Y.C. Admin. Code §§ 8-801 *et seq.*

## JURISDICTION

        2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

First, Fourth, Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

        3.      Jurisdiction is founded upon 28 U.S.C. §§  1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff RAYLEY CORPORAN is a Latino, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.      Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

9.      That at all times hereinafter mentioned, the individually named defendants LT. VICTOR VELEZ, P.O. ROGER PFEFFER, P.O. ANTHONY STABILE, P.O. ZACHARY PARKER, P.O. DEREK RIVERA, and P.O.s  JOHN and JANE DOE #1-10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules,

regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

<u>**FACTS**</u>

13.     In the early morning hours of July 22, 2021, plaintiff RAYLEY CORPORAN was lawfully present in the vicinity of Dyckman Street and Sherman Avenue, in the County, City, and State of New York.

14.     At aforesaid time and place, plaintiff RAYLEY CORPORAN witnessed members of the New York City Police Department accosting his friend.

15.     Plaintiff RAYLEY CORPORAN asked the officers why they were accosting his friend.

16.     In response, defendants LT. VICTOR VELEZ, P.O. ROGER PFEFFER, P.O. ANTHONY STABILE, and P.O. ZACHARY PARKER violently grabbed plaintiff RAYLEY CORPORAN, sprayed him with a chemical agent, slammed his head into the hood of an RMP, and punched, kicked, and kneed him repeatedly.

17.     As a result of this brutal assault, plaintiff RAYLEY CORPORAN sustained a laceration above his left eye, head injuries, eye irritation, and bruising to his torso.

18.     Defendants deliberately handcuffed plaintiff RAYLEY CORPORAN more tightly and violently than is authorized or required by proper NYPD procedure.

19.    Plaintiff RAYLEY CORPORAN advised defendants that the handcuffs were hurting him, but defendants did not loosen them.

20.    As a result of the too-tight handcuffs, plaintiff RAYLEY CORPORAN sustained lacerations to his wrists.

21.    Defendants placed plaintiff RAYLEY CORPORAN under arrest on charges of disorderly conduct, resisting arrest, and obstructing governmental administration, despite defendants' knowledge that they lacked probable cause to do so.

22.    Upon information and belief, defendant LT. VICTOR VELEZ falsely advised arresting officer defendant P.O. DEREK RIVERA that plaintiff RAYLEY CORPORAN had attempted to interfere in his friend's arrest.

23.    Upon information and belief, defendant P.O. ROGER PFEFFER falsely advised arresting officer defendant P.O. DEREK RIVERA that plaintiff RAYLEY CORPORAN had resisted arrest.

24.    Upon information and belief, defendant P.O. DEREK RIVERA, who was present during the incident, knew or should have known that these allegations were false.

25.    Defendants transported plaintiff RAYLEY CORPORAN to the 34th Precinct of the New York City Police Department in Manhattan, New York.

26.    While at the precinct, plaintiff RAYLEY CORPORAN was not permitted to wash the chemical agent out of his eyes, and he was denied the medical care that he requested for his head injuries.

27.    Defendants transported plaintiff RAYLEY CORPORAN from the 34th Precinct to Manhattan Central Booking.

28.     Plaintiff RAYLEY CORPORAN was held and detained in custody for approximately thirty hours before accepting an Adjournment in Contemplation of Dismissal.

29.     As a result of the foregoing, plaintiff RAYLEY CORPORAN sustained, *inter alia*, physical injuries, loss of liberty, emotional distress, embarrassment, and humiliation, damage to reputation, and deprivation of his constitutional rights.

**FIRST CLAIM FOR RELIEF**
**DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983**

30.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "29" with the same force and effect as if fully set forth herein.

31.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

32.     All of the aforementioned acts deprived plaintiff RAYLEY CORPORAN of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

33.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

34.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

35.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective

municipality/authority, which is forbidden by the Constitution of the United States.

**SECOND CLAIM FOR RELIEF**
**FALSE ARREST UNDER 42 U.S.C. § 1983**

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     As a result of the aforesaid conduct by defendants, plaintiff RAYLEY CORPORAN was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

38.     As a result of the foregoing, plaintiff RAYLEY CORPORAN's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated, without probable cause.

**THIRD CLAIM FOR RELIEF**
**EXCESSIVE FORCE UNDER 42 U.S.C. §  1983**

39.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "38" with the same force and effect as if fully set forth herein.

40.     The level of force employed by defendants was objectively unreasonable and in violation of plaintiff RAYLEY CORPORAN's constitutional rights.

41.     As a result of the aforementioned conduct of defendants, plaintiff RAYLEY CORPORAN was subjected to excessive force and sustained physical injuries.

**FOURTH CLAIM FOR RELIEF**
**DENIAL OF MEDICAL CARE**

42.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "41" with the same force and effect as if fully set forth herein.

43.     Defendants were aware that plaintiff RAYLEY CORPORAN had serious medical

needs that required immediate medical treatment.

44.     Despite such knowledge, defendants failed to provide prompt medical treatment to plaintiff RAYLEY CORPORAN.

45.     In denying prompt medical treatment to plaintiff RAYLEY CORPORAN, defendants acted unlawfully, unreasonably, and with deliberate indifference to plaintiff's serious medical needs.

**FIFTH CLAIM FOR RELIEF**
**FAILURE TO INTERVENE UNDER 42 U.S.C. § 1983**

46.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "45" with the same force and effect as if fully set forth herein.

47.     Each and every individual defendant had an affirmative duty to intervene on plaintiff RAYLEY CORPORAN's behalf to prevent the violation of his constitutional rights.

48.     The individual defendants failed to intervene on plaintiff RAYLEY CORPORAN's behalf to prevent the violation of his constitutional rights despite having had a realistic opportunity to do so.

49.     As a result of the aforementioned conduct of the individual defendants, plaintiff RAYLEY CORPORAN's constitutional rights were violated.

**SIXTH CLAIM FOR RELIEF**
**MUNICIPAL LIABILITY UNDER 42 U.S.C. § 1983**

50.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "49" with the same force and effect as if fully set forth herein.

51.     Defendants assaulted, arrested, and incarcerated, plaintiff RAYLEY CORPORAN in the absence of any evidence of criminal wrongdoing, notwithstanding their knowledge that said assault, arrest, and incarceration would jeopardize plaintiff's liberty, well-being, safety and constitutional rights.

52.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all the actual and/or apparent authority attendant thereto.

53.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

54.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department include, but are not limited to, arresting and/or assaulting witnesses to police misconduct in an attempt to intimidate and silence them, arresting and/or assaulting individuals who appear to be questioning police authority, and charging resisting arrest in an effort to cover up the use of excessive force.

55.     The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct, as documented by the facts alleged in the following civil rights actions filed against the City of New York:

- **Arthur Berkovitz and Linda Mizrahi v. City of New York,** United States District Court, Eastern District of New York, 04 CV 2452;

- **Danny Rodriguez and Jose Rodriguez v. City of New York**, United States District Court, Southern District of New York, 06 Civ. 0357;

- **Daniel Claudio, et al. v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 0022;

- **Dominique Daniels v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11600;

- **Daniel Castro v. City of New York,** United States District Court, Southern District of New York, 07 Civ. 11602;

- **Michael Warren and Evelyn Warren v. City of New York,** United States District Court, Eastern District of New York, 08 CV 3815;

- **Manouchehr Kasheff v. City of New York,** United States District Court, Southern District of New York, 09 Civ. 0404;

- **Douglas Hines v. City of New York,** United States District Court, Southern District of New York, 09 Civ. 10457;

- **Amun Ankhra v. City of New York,** United States District Court, Southern District of New York, 09 Civ. 10458;

- **Priscilla Colon v. City of New York,** United States District Court, Southern District of New York, 10 Civ. 4348;

- **Rodger Rickettes v. Vincent Turton,** United States District Court, Eastern District of New York, 12 CV 6427;

- **James Clavijo v. City of New York,** United States District Court, Southern District of New York, 13 Civ. 6148;

- **Raymond Chevannes v. City of New York,** United States District Court, Southern District of New York, 14 Civ. 0102;

- **Sharaya Means v. City of New York,** United States District Court, Southern District of New York, 15 Civ. 4855;

- **Roy Beckford v. City of New York,** United States District Court, Southern District of New York, 17 Civ. 0926; and

- **Yajaira Saavedra v. City of New York,** United States District Court, Southern District of New York, 19 Civ. 7491.

56.     The existence of the aforesaid unconstitutional customs and policies may further be

inferred from repeated occurrences of similar wrongful conduct, as substantiated by the Civilian

Complaint Review Board, including:

- In response to a man challenging an officer's authority, the officer refused to give his name, drew his weapon, and unlawfully issued a summons for disorderly conduct;

- In response to a man questioning a detective, the detective struck the man in the head with his weapon and unlawfully issued a summons for disorderly conduct;

- An officer arrested a man who had accidentally bumped into him, and unlawfully issued a summons for disorderly conduct.

57.     The existence of the aforesaid unconstitutional customs and policies may further be

inferred from the acquittal on October 9, 2015, after only 45 minutes of deliberations, of Thabo Sefolosha, who had been beaten and charged with obstructing governmental administration, disorderly conduct and resisting arrest after he called a police officer "a midget."

58.     The existence of the aforesaid unconstitutional customs and policies may further be inferred from the May 2, 2020 incident in which NYPD officer Francisco Garcia punched Donni Wright repeatedly and arrested him because Wright was watching an NYPD social distancing arrest.

59.     The existence of the aforesaid unconstitutional customs and policies may further be inferred from the statement by a senior NYPD official in a September 28, 2014 New York Times article that NYPD tracks charges of resisting arrest as a way of identifying officers who may use excessive force.

60.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiff RAYLEY CORPORAN.

61.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff RAYLEY CORPORAN as alleged herein.

62.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiff RAYLEY CORPORAN as alleged herein.

63.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff RAYLEY CORPORAN was assaulted, falsely arrested, and incarcerated.

64.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff RAYLEY CORPORAN.

65.     Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers, and were directly responsible for the violation of plaintiff RAYLEY CORPORAN's constitutional rights.

### SEVENTH CLAIM FOR RELIEF
### DEPRIVATION OF RIGHTS UNDER N.Y.C. ADMIN. CODE § 8-801

66.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "65" with the same force and effect as if fully set forth herein.

67.     The acts of defendant officers constituted conduct under color of any law, ordinance, rule, regulation, custom or usage.

68.     The acts and omissions of defendant officers, as detailed in the foregoing paragraphs, caused plaintiff RAYLEY CORPORAN to be deprived of his rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-801, *et seq.*, to wit:  to be secure in his person, house, papers, and effects against unreasonable searches and seizures, and to be secure against the use of excessive force regardless of whether such force is used in connection with a search or seizure.

69.     By reason of the acts and omissions of defendant officers, as detailed in the foregoing paragraphs, plaintiff RAYLEY CORPORAN has endured loss of liberty and physical and emotional injuries and was otherwise damaged and injured.

70.     Defendant officers are "covered individuals" as defined in 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-801, *et seq.*, in that they are employees of the New York City Police Department.

71.     The City of New York, as the employer of the covered individual defendant officers, is liable to plaintiff RAYLEY CORPORAN for the wrongdoing of the covered individual defendant officers.

72.     All of the foregoing acts by defendants deprived plaintiff RAYLEY CORPORAN of federally protected rights and/or rights under 2021 N.Y.C. Local Law No. 48, N.Y.C. Admin. Code §§ 8-801 *et seq*., including, but not limited to, the right:

      A.      Not to be deprived of liberty without due process of law;

      B.      To be free from seizure and arrest not based upon probable cause;

      C.      To be free from excessive force;

      D.      Not to be denied medical treatment;

      E.      Not to have cruel and unusual punishment imposed upon him; and

      F.      To receive due process and equal protection under the law.

73.     As a result of the foregoing, plaintiff is entitled to compensatory damages in the sum of one million dollars ($1,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of one million dollars  ($1,000,000.00).

**WHEREFORE**, plaintiff RAYLEY CORPORAN demands judgment in the sum of one million dollars ($1,000,000.00) in compensatory damages and one million dollars ($1,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:      New York, New York
              June 20, 2022

                                   _____
                                         /s
                                   ROSE M. WEBER (RW 0515)
                                   30 Vesey Street, Suite 1801
                                   New York, NY 10007
                                   (917) 415-5363